# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BERNARD E. KRETLOW,

                Plaintiff,

v.

DR. LISA ALLEN and SHANE GARLAND,

                Defendants.

Case No. 16-CV-1178-JPS

**ORDER**

### 1.    INTRODUCTION

On March 31, 2017, Magistrate Judge William E. Duffin screened Plaintiff's complaint and allowed him to proceed on a claim under the Eighth Amendment for Defendants' failure to provide him adequate medical care. (Docket #16). This action was reassigned to this branch of the Court on April 18, 2017. On June 13, 2017, Defendants moved for summary judgment on the basis of Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Docket #22). Plaintiff responded to the motion on June 19, 2017, and Defendants replied on June 26, 2017. (Response, Docket #26; Reply, Docket #29). For the reasons explained below, Defendants' motion must be granted.

### 2.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit"

under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3. BACKGROUND

   3.1 **Plaintiff's Failure to Dispute the Material Facts**

The relevant facts are undisputed because Plaintiff failed to dispute them. In the Court's scheduling order, entered April 24, 2017, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #20 at 2-3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendants' motion for summary judgment, they too warned Plaintiff about the requirements for his response as set forth in Federal and Local Rules 56. (Docket #22). He was provided with additional copies of those Rules along with Defendants' motion. *Id.* at 3-13. In connection with their motion, Defendants filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #24). It contained short, numbered paragraphs concisely stating those facts which Defendants proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

In response, Plaintiff submitted a two-page document with a one-page attachment. (Docket #26). In his submission, Plaintiff provides argument as to why he believes "this lawsuit should be able [sic] too continue[.]" *Id.* at 2. Plaintiff's submission is not sworn, nor is it

accompanied by any documents or other evidence other than what Defendants attached to their own statement of facts. (Docket #26-1). Plaintiff's response does not attempt to address Defendants' statement of facts. *See generally* (Docket #26).

Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendants' proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court will, unless otherwise stated, deem Defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

### 3.2 Exhaustion of Prisoner Administrative Remedies

It is helpful to review how the PLRA's exhaustion requirement plays out in the Wisconsin prison system prior to relating the relevant facts. The PLRA establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense to be

proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). Exhaustion is a precondition to suit; a prisoner cannot file an action prior to exhausting his administrative remedies or in anticipation that they will soon be exhausted. *Hernandez v. Dart*, 814 F.3d 836, 841-42 (7th Cir. 2016); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A lawsuit must be dismissed even if the prisoner exhausts his administrative remedies during its pendency. *Ford*, 362 F.3d at 398.

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code DOC § 310.04. There are two steps an inmate must take to exhaust their administrative remedies under the ICRS. First, the inmate must file a complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ 310.07(1), 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ 310.08; 310.09(4); 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § 310.11(6). If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ 310.07(2), 310.11.1 The reviewing authority may accept or reject the ICE's recommendation. Id. at § 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE"). *Id.* §§ 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections who may accept or reject it. *Id.* §§ 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary

received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ 310.07(7), 310.14.

### 3.3 RELEVANT FACTS

Plaintiff has filed dozens of inmate complaints during his time in the Wisconsin prison system. *See* (Docket #25-1). The only one relevant to this case was filed while he was housed in Green Bay Correctional Institution ("GBCI") on August 4, 2016. *Id.* at 6. Therein, Plaintiff complained that although he broke his CPAP machine, Defendants should have ordered a new one for him. (Docket #25-2 at 6-7). Jodene Perttu ("Perttu") was the ICE who reviewed Plaintiff's complaint. Her investigation revealed that Plaintiff's doctor had discontinued the order for a CPAP machine because Plaintiff broke the previous one. *Id.* at 8-9. On August 10, 2016, Perttu recommended dismissal of the complaint, further noting that Plaintiff's violent behavior suggested that he might break the second CPAP machine if one was obtained. *Id.* at 2. James LaBelle served as the reviewing authority and took Perttu's recommendation on August 19, 2016. *Id.* at 3. Plaintiff did not appeal the dismissal to the CCE.

### 4. ANALYSIS

Taking Defendants' facts as undisputed, Plaintiff has not exhausted his administrative remedies. Though he began the process, Plaintiff simply failed to take his complaint across the finish line by appealing to the CCE and waiting for the Secretary's decision. On the face of Defendants' submissions, this lawsuit must be dismissed for want of exhaustion.

Plaintiff's response does not change that result. He does not contest Defendants' recitation of the facts relating to his August 4 complaint. Instead, though not easy to understand, he appears to claim that he filed a second grievance related to the CPAP issue. (Docket #26 at 1-2). He points

to an entry on his complaint history report, provided by Defendants, which states that he filed another complaint on February 6, 2017. *Id.*; (Docket #25-1 at 7). The report indicates that this complaint is, or was, appealed to the CCE. (Docket #25-1 at 7).

Defendants confirm that the second grievance exists, but it is nevertheless unhelpful to Plaintiff. The second grievance is not directed at Defendants or anyone at GBCI. (Docket #30-1 at 11-12). Instead, it was filed after Plaintiff moved to the Wisconsin Resource Center, and states that a "Kelli" at that institution refused to order a new CPAP machine. *Id.* Though this grievance does appear to have gone through the complete appeals process, that fact does nothing to save Plaintiff's only relevant, and unappealed, August 4 complaint. *See id.* at 8-9.

5. **CONCLUSION**

Plaintiff failed to contest the facts Defendants proffered. Viewing those undisputed facts in the light most favorable to him, the Court is obliged to conclude that this lawsuit must be dismissed because he failed to properly exhaust his administrative remedies. This action will, therefore, be dismissed without prejudice.[1] Plaintiff's other pending motions to amend his complaint, (Docket #27), and for summary judgment, (Docket #28), will be denied as moot.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #22) be and the same is hereby **GRANTED**;

---

[1]Although it is unclear whether Plaintiff will be able to complete the ICRS process for his claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford*, 362 F.3d at 401.

**IT IS FURTHER ORDERED** that Plaintiff's motions to amend his complaint (Docket #27) and for summary judgment (Docket #28) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of June, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge