# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BERNARD E. KRETLOW,

                      Plaintiff,

v.

DR. LISA ALLEN and
SHANE GARLAND,

                      Defendants.

Case No. 16-CV-1178-JPS

**ORDER**

      On June 29, 2017, the Court granted Defendants' motion for summary judgment, dismissed this action without prejudice, and entered judgment accordingly. ECF Nos. 32, 33. On March 8, 2022, Plaintiff filed a motion to order the Department of Corrections to stop taking money from his institutional account. ECF No. 35. The Court denied that motion on June 22, 2022. ECF No. 36. Pending before the Court are Plaintiff's motions to order the Department of Corrections to follow order, ECF Nos. 38, 39, and motions to stay payments until his release from prison, ECF Nos. 40, 41.

      The Court has already entered orders in the case regarding his filing fee payments, and the Department of Corrections is obligated to follow them. *See* ECF No. 16. For clarity, however, the Court provides the following information to Plaintiff regarding his payments.

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

fee. 28 U.S.C. § 1915(b)(1). Congress enacted §1915(b)(2) as part of the PLRA "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996). Accordingly, the statute requires incarcerated plaintiffs to make monthly payments towards the filing fee equal to 20% of the inmate's previous month's income. The second sentence is not a means of evading the requirement to make payments toward the filing fee established in the first sentence. Rather, the second sentence allows prison officials to wait to send the payments to the Court until the agency has sufficient funds to make a payment of $10.00 or more. *See Riley v. Franke*, Case No. 17-cv-891 2017 WL 4712222 at *2 (E.D. Wis. Oct. 18. 2017); *Riker v. Carlson*, Case No. 10-CV-906, ECF No. 45 at 1–2 (E.D. Wis. May 25, 2012); *Smith v. Huibregtse,* 151 F. Supp. 2d 1040, 1042–43 (E.D. Wis. 2001). As Judge James Peterson in the Western District succinctly explained, "[t]he purpose of the second sentence of Section 1915(b)(2) is not to make sure that inmates have some balance in their accounts to spend freely; it is to avoid the inefficiency of issuing a check for a few cents every time an inmate receives a small deposit." *Flournoy v. McKenzie*, No. 14-cv-554-jdp, 2015 WL 4094357, at *2 (W.D. Wis. July 7, 2015). To find otherwise "would allow prisoners to avoid paying their filing fees simply by ensuring that they never have more than $10.00 in their accounts." *Riley*, 2017 WL 4712222, at *2.

The Court will therefore deny Plaintiff's motions to order the Department of Corrections to stop taking money from his institutional account as moot. ECF Nos. 38, 39. To the extent that the prison is not following the above-mentioned practice, he may seek further relief if needed.

The Court will also deny Plaintiff's motion to stop payments from his account until he is released from prison. The PLRA mandates that "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28. U.S.C. § 1915(b)(2). While the Court certainly understands that incarcerated plaintiffs may be forced to make difficult choices regarding their limited funds, both the statutory language and the intent of the PLRA indicates that monthly payments are necessary. As such, the Court is obliged to deny Plaintiff's motions to suspend payments.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions to order the Department of Corrections to follow order, ECF Nos. 38, 39, be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff's motions for payments to be stayed until release from prison, ECF Nos. 40, 41, be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge